THE STATE OF OHIO, APPELLANT, *v.* MACDONALD, APPELLEE.

(No. 75-1206—Decided November 17, 1976.)

68

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellant.

*Mr. Jeffrey T. Zucco,* for appellee.

PAUL W. BROWN, J. A defendant's right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, and is made obligatory on the states by the Fourteenth Amendment. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. Article I, Section 10 of the Ohio Constitution, also affords an accused the same guarantees as the Sixth and Fourteenth Amendments. See *State* v. *Butler* (1969), 19 Ohio St. 2d 55.

The United States Supreme Court, in *Barker* v. *Wingo* (1972), 407 U. S. 514, declined to establish the exact number of days within which a trial must be held. While the court declared that its approach must be less precise, it also stated that "[t]he states, of course, are free to prescribe a reasonable period consistent with constitutional standards * * *." 407 U. S., at page 523.

The General Assembly has utilized this authority by enacting R. C. 2945.71 through 2945.73 to implement the right to a speedy trial. The pertinent portion of R. C. 2945.71 states:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The Court of Appeals in each case herein concluded that since appellee was not brought to trial within 90 days of January 1, 1974 (the effective date of the statute), he was denied a speedy trial as defined in R. C. 2945.71(D) and should be discharged. The court ruled further that no extension was warranted under R. C. 2945.72(A) because the prosecutor did not exercise the required reasonable diligence to secure the availability of the appellee.

The Court of Appeals erred in interpreting R. C. 2945.71, and, accordingly, we reverse those judgments. Appellee was tried within the statutory mandate, and therefore was not denied his right to a speedy trial.

The speedy trial statutes now in force became effective January 1, 1974, and are not to be applied retroactively. *State* v. *Walker* (1976), 46 Ohio St. 2d 157. The appellate court correctly concluded that the time limitation is thus computed from January 1, 1974, rather than from the actual earlier date of arrest.

The appellate court reasoned, however, that since appellee was in jail from January 1, 1974, until the trial dates of October 11 and 15, 1974, respectively, he was entitled to the reduction of the time limit for trial from 270 to 90 days. Such reasoning is erroneous. The triple-count provision of R. C. 2945.71(D) is to be invoked only if the "accused is held in jail in lieu of bail on the pending charge * * *." Appellee was incarcerated on unrelated federal charges. Further, appellee had posted bail in April, 1973, on the pending state charges and was released. Thus, he did not meet either of the requirements that are concurrently necessary for invoking the triple count: (1) being held in jail "in lieu of bail," and (2) being held in jail "on the pending charge."

Clearly, the time spent by appellee in the Mahoning County jail and the federal prison in Terre Haute, does

not invoke the triple-count provision of R. C. 2945.71(D).

The next issue is whether the triple-count provision should have applied after July 29, 1974, the date that appellee was returned to Cuyahoga County. Certainly appellee was being "held on the pending charge," because such charges were the very reason he was returned to the county. Further, since no bond was offered, he was arguably being held "in lieu of bail."

In interpreting R. C. 2945.71, settled Ohio case law has required the defendant's detention in jail to be *solely* because of the pending charge. *State* v. *Gray* (1964), 1 Ohio St. 2d 21; *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164; and *State* v. *Fairbanks* (1972), 32 Ohio St. 2d 34. These cases, however, construed the former speedy-trial statutes, and not the 1974 version now in question.

Former R. C. 2945.71 required that when an accused was detained in jail, his trial was to commence within two terms after the term in which his indictment was presented. Former R. C. 2945.72 applied only to persons released on bail, and provided for a limit of three terms with a built-in extension if there was not enough time to schedule the trial within the third term.

Present R. C. 2945.71 establishes a time limit within which all trials must be held, and thus its scope is somewhat broader than the former statutes. Subdivision (D) imposes the triple count, each day in jail counted as three, thereby reducing the time limit for felony trials from 270 to 90 days. Present R. C. 2945.72 defines the permissible extensions to the limits of R. C. 2945.71.

The objective of former R. C. 2945.71 is substantially the same as that of present R. C. 2945.71(D). Both seek to insure that defendants are not held in jail for undue periods of time while awaiting trial. We see no justification for altering prior case law since the basic objective of the former statute has been preserved.

The present speedy-trial statutes are the kind of state action which *Barker* v. *Wingo, supra,* contemplated. In a

long line of cases, we have imposed upon the state and the trial courts the mandatory duty of complying with these statutes. We do so pursuant to our conclusion that the General Assembly has attempted a rational definition of the trial court's obligation to guarantee a speedy trial. We accept this direction in those circumstances in which the statutory language specifically applies.

Appellee was not entitled to the triple-count provision after July 29, 1974, as he was not being held *solely* on the pending charges. He was being held jointly on federal and state charges. Had the Cuyahoga County prosecutor decided to drop his charges, appellee would not have been released because he was then serving a two-year federal prison sentence. Further, no bail on the state charges could have been offered appellee because of the federal sentence. Appellee therefore was not being held in lieu of bail solely on the pending charge, and consequently the triple-count provision does not apply.

Appellee therefore had a right to be tried within 270 days of January 1, 1974, unless an extension pursuant to R. C. 2945.72 was applicable. The two jury trials were held on October 11 and 15, the 284th and 288th days respectively. However, on September 3, 1974, the date the trial court denied appellee's motion for discharge, the court ordered appellee to stand trial the following morning. Appellee's attorney requested a continuance on each charge, presumably to prepare for trial. The requests were granted.

R. C. 2945.72 specifies the reasons for which the limits of R. C. 2945.71 may be extended. Subdivision (H) provides that the time within which the accused must be brought to trial may be extended by "[t]he period of any continuance granted on the accused's own motion * * *." As nothing in the record indicates otherwise, we must assume the attorney was duly acting as agent for the appellee.

Since the period of this continuance is not counted, the applicable date is that of the originally scheduled trial which is September 4, 1974, the 247th day after January

1, 1974. Accordingly, appellee was tried within the 270-day limitation imposed by R. C. 2945.71(C), and the discharge should not have been granted by the Court of Appeals in either case.

The judgments of the Court of Appeals are reversed.*

*Judgments reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STILLMAN, CELEBREZZE and W. BROWN, JJ., concur.

STILLMAN, J., of the Eighth Appellate District, sitting for STERN, J.

---

*Because we decide that the trials were held within the statutory mandate, we need not decide whether the appellee was "unavailable for * * * trial" or whether the prosecutor exercised "reasonable diligence" so as to warrant an extension pursuant to R. C. 2945.72(A).