On May 7, 1998, the Richland County Grand Jury indicted appellant, Jamarr Norris, on one count of felonious assault with a firearm specification in violation of R.C. 2903.11 and R.C. 2941.141. Said charge arose from an incident involving one William Meadows.
On September 9, 1998, the day of the scheduled jury trial, appellant filed a motion for discharge claiming a violation of his speedy trial rights. The trial commenced as scheduled. The jury found appellant guilty as charged. By judgment entry filed September 21, 1998, the trial court sentenced appellant to four years in prison plus an additional three years for the firearm specification.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILURE TO COMMENCE PROSECUTION OF THE ALLEGED OFFENSES CHARGED IN THE INDICTMENT WITHIN SUCH TIME AS TO AFFORD THE DEFENDANT HIS RIGHTS TO A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
II
 WHETHER PREJUDICIAL ERROR OCCURRED IN THE TRIAL WHEN A POTENTIAL JUROR WAS PEREMPTORILY EXCUSED UPON MOTION OF THE PROSECUTOR BECAUSE OF THEIR RACE.
 I
Appellant claims the trial court erred in denying his motion for discharge for a violation of his speedy trial rights pursuant to R.C. 2945.71. We disagree.
R.C. 2945.71(C)(2) requires a person against whom a felony charge is pending "[s]hall be brought to trial within two hundred seventy days after his arrest." Appellant was arrested on May 1, 1998 on two charges, the charge sub judice and an outstanding misdeamnor charge of failure to appear for trial. Appellant was sentenced to thirty days in jail on the misdeamnor charge therefore, the triple count provision of R.C.2945.71 (E) commenced on May 31, 1998. See, State v. MacDonald
(1976), 48 Ohio St.2d 66.
Within the "ninety days" following appellant's arrest, the felonious assault charge was set for an August 17, 1998 trial date. On said date, the trial court via judgment entry continued the trial to September 9, 1998, outside the ninety day triple count provision. The trial court specifically found the following:
 After defendant's election not to enter a plea was relayed to this writer, the within case was immediately set for trial on Monday, August 17, 1998. Neither party is ready to try this case on August 17, 1998. Nor does the schedule of the Court permit this matter to be tried during the week of August 17, 1998. It is appropriate to mention that prosecutor pretrials were held June 6 and 29, 1998, that Attorney Homer [defense counsel] was not available for a scheduled pretrial on July 15, 1998 and it was July 29, 1998 when a pretrial could finally be held, the result of which was to set the matter for a change of plea.
We find the trial court's journalization of the continuance prior to the expiration of the ninety day rule and the specific findings that "neither party is ready for trial" and "this Court's schedule does not permit trial of the within matter during the week of August 17, 1998" to be sufficient to warrant the denial of appellant's motion for discharge. See, State v.Mincy (1982), 2 Ohio St.3d 6, syllabus, wherein the Supreme Court of Ohio held "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."
Assignment of Error I is denied.
 II
Appellant claims the trial court erred when it permitted the prosecutor to peremptorily excuse a juror based on race. We disagree.
A defendant in a criminal trial has the "right to be tried by a jury whose members are selected pursuant to non-discriminatory criteria." Batson v. Kentucky (1986),476 U.S. 79, 85-86. The use of a peremptory challenge by a prosecutor is subject to analysis under the Equal Protection Clause. Id. In Hernandez v. New York (1991), 500 U.S. 352,358-359, the United States Supreme Court followed Batson,
stating as follows:
 In Batson, we outlined a three-step process for evaluating claims that a prosecutor has used peremptory challenges in a manner violating the Equal Protection Clause. * * * First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. * * * Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. * * * Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. (Citations omitted.)
Appellant is black. Appellant argues the juror in question was excused because she is black. Appellant further argues the prosecutor did not articulate a race-neutral reason for the challenge.
The entire examination of the juror in question took some four pages. In particular, the following dialogue occurred between said juror and defense counsel:
 MR. HOMER: Ever been accused of something you didn't do?
MS. CREWS: Yes.
MR. HOMER: How did that come about?
MS. CREWS: More, say, just over rumors.
 MR. HOMER: I think, then, you can appreciate the importance of proof beyond a reasonable doubt in this case. That's the highest standard of proof that's going to be applied in a court of law. Can you tell me that you'll hold the State of Ohio to that highest standard of proof as you evaluate the evidence that's going to be presented?
MS. CREWS: Yes, I will.
 MR. HOMER: If it doesn't meet your definition of proof amounting to guilt beyond a reasonable doubt, can you tell me that you'll return a verdict of not guilty?
MS. CREWS: Yes, I will.
T. at 106-107.
The prosecutor made a peremptory challenge, explaining the challenge as follows:
 MS. GOFF: With specificity, she adopted a belligerent attitude with Mr. Homer as well as in general. She also had alluded to rumors. There are going to be evidence from persons who did not actually see the shooting. Those could be called rumors, per se. I feel that that would be the reason that we do not want her to be on the jury.
* * *
 MS. GOFF: A lot of my witnesses are black and the witnesses are black. We have no reason not to want a black person on the jury. No one else has adopted the attitude that she did. None of us have talked about rumors. In essence, what she's saying is she wouldn't want to hear anything that was not direct from someone, and we have at least two witnesses who did not actually see the shooting.
 Id. at 107-108 and 109, respectively.
The trial court accepted this reasoning as being race-neutral. The prosecutor mentioned the juror's demeanor as "belligerent" to defense counsel's questions. The flat transcript does not afford this court the opportunity to pass on demeanor therefore, we must bow to the trial court's superior position in this regard. As stated inHernandez at 365, quoting Wainwright v. Witt (1985),469 U.S. 412, 428, the issue of credibility "lies peculiarly within a trial judge's province."
Upon review, we find no evidence of purposeful discrimination. The trial court did not err in excusing the juror.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Richland County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES