OPINION
This consolidated appeal arises from a judgment of the Allen County Court of Common Pleas, finding the defendant/appellant, Raymond A. Longworth ("appellant"), guilty of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and adjudicating the appellant a sexual predator. The appellant now appeals his conviction. For the following reasons, we affirm the decision of the trial court.
The relevant facts and procedural history of this case are as follows: On April 13, 2000, the appellant was indicted on one count of gross sexual imposition with a child under 13 years of age. On the same day, a warrant for his arrest was issued. At the time of his indictment, the appellant was serving an unrelated sentence at North Central Correctional Facility. The warrant was served on him on September 26, 2000, along with an order to hold and notify, so that the appellant could be transferred to Allen County upon completion of his sentence. He was transferred on October 3, 2000 and remained in the Allen County jail until his December 28, 2000 trial. The appellant, who represented himself at trial, was convicted by a jury and sentenced to five years in prison. On March 6, 2001, the appellant was adjudicated a sexual predator.
The appellant now appeals, asserting two assignments of error for our review.
ASSIGNMENT OF ERROR NO. 1
 The defendant was denied the right to a speedy trial.
The appellant argues that he was denied his constitutional right to a speedy trial. Based on the following, we disagree with the appellant's assignment of error.
A criminal defendant's fundamental right to a speedy trial is guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution, and by Article I, Section 10 of the Ohio Constitution.[1]
The United States Supreme Court declined to establish the exact number of days within which a trial must be held, leaving it up to the States to prescribe reasonable periods consistent with constitutional standards.[2]
To that end, R.C. 2945.71 sets out the time periods in which a hearing or trial must be held. That statute reads in relevant part:
(C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
* * *
 (E) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.[3]
Initially, we note that the appellant alleges that he was first arrested on this charge on January 8, 2000. However, the record before the court reflects that a warrant for the appellant was first issued on April 13, 2000, the same day the indictment was filed. The warrant was served on September 25, 2000. We have no evidence before us concerning the alleged January arrest and must rely on the dates as they appear in the record for purposes of our analysis. Therefore, we find that the appellant was arrested on September 25, 2000.
The appellant was incarcerated at North Central on unrelated charges at the time the warrant for the instant charges was served. Upon the completion of his sentence there on October 2, 2000, the appellant was immediately brought to the Allen County jail for the instance offense. The appellant concedes that, for purposes of calculating speedy trial time, triple count should not be given for the time during which he was incarcerated for the unrelated charges.[4] Furthermore, because the day of arrest does not count against the state,[5] the speedy-trial clock began to run here on September 26, 2000. Therefore, the state is charged according to R.C. 2945.71(C),[6] at a rate of one day for each day from September 26, 2000 to October 1, 2000, or a grand total of six days. As the defendant did not post bond and remained in the Allen County jail from October 2, 2000 until his December 28, 2000 trial on the instant charges, that time in jail (87 days) is calculated under R.C.2945.71(E) for a total of 261 days in jail. Thus, the appellant was brought to trial 267 days after his arrest. Consequently, we find no speedy trial violation in this case.
Based on the foregoing, the appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. 2
 The trial court committed an error of law by failing to preserve the constitutional right to effective assistance of counsel.
In this assignment of error, the appellant essentially asserts that his decision to waive counsel and to proceed pro se at trial was not made voluntarily, knowingly, and intelligently. The appellant also takes issue with the fact that the waiver was not made in writing, as prescribed by Crim.R. 44(C).[7]
A review of the record shows that the appellant first expressed a desire to represent himself at a pretrial motion hearing on December 27, 2000, although the appellant filed numerous pro se motions prior to that date. At the motion hearing, the appellant's then-attorney advised the court that her client wished to represent himself, whereupon the following discussion took place:
 THE COURT: You are not a lawyer. And the Court is cautioning you, you should not go into something that you are not familiar with. That there are various legal ramifications and that you would best be advised to have Ms. Von Der Embse to be your attorney.
MR. LONGWORTH: Well, I would like to represent myself.
 THE COURT: Do you understand that you will be held to the same degree of accountability as any attorney in representing yourself concerning opening statements, concerning cross-examination, concerning direct examination?
MR. LONGWORTH: I do.
 THE COURT: Do you understand that if you ask leading questions or improper cross-examination or improper opening statements that the Court will strike those because you, again, are held to the same amount of knowledge and degree of standards as an attorney?
MR. LONGWORTH: Yes, sir.
 THE COURT: The Court is, again, cautioning you that this is something that you should not go into without a great deal of thought in that your rights may be jeopardized by and your case by you representing yourself?
MR. LONGWORTH: I understand, sir.
 THE COURT: And you want to — you're going to represent yourself in this particular case?
MR. LONGWORTH: Yes, sir.
 THE COURT: And you don't want Ms. Von Der Embse to represent you?
 MR. LONGWORTH: I want her to sit with me, like we had agreed. But I guess that's out.
 THE COURT: In other words, you don't want — you're going to be running the case?
MR. LONGWORTH: Evidentially [sic].
 THE COURT: No, not evidentially [sic]. The Court wants to know because this is very technical and severe and very serious charges and the Court again is advising you that this isn't something that you should go into without having your attorney representing you whether [sic] than you representing yourself. Do you understand that?
MR. LONGWORTH: I understand that.
THE COURT: And you still want to represent yourself?
MR. LONGWORTH: Yes.
The trial court then appointed the appellant's previous attorney as shadow counsel and advised the appellant to consult with her freely for legal advice. The court also made sure that the appellant had twenty-four hour access to a phone and inquired as to whether the appellant needed a continuance in order to prepare for trial. At trial the next day, the court again admonished the appellant and again asked him whether he needed a continuance. Throughout the course of the trial, the transcript is replete with instances where the judge cautioned the appellant about his decision to represent himself.
A criminal defendant is provided with the right to self-representation by the Sixth Amendment of the United States Constitution.[8] However, it is incumbent upon a trial court to ensure that a defendant who wishes to waive assistance of counsel and undertake self-representation does so voluntarily, knowingly, and intelligently.[9] To that end, "[i]n order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."[10]
Specifically, the court's inquiry must determine that waiver was made with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstance in mitigation thereof and all other facts essential to a broad understanding of the whole matter."[11]
Although we agree with the appellant that the trial court failed to specifically discuss all of the factors listed in Van Moltke, the record reflects that the court went to great length to ensure that the appellant understood that the charges against him were extremely serious. The court also apprised the appellant in a detailed manner about evidentiary matters. Furthermore, the easy availability of shadow counsel to the appellant "served to preserve for the appellant the traditional benefits associated with the right to counsel while still permitting appellant to present his own defense."[12]
In determining whether a defendant's decision to represent himself is an informed one, the court must take into account the total circumstances surrounding the case including background, experience, and the conduct of the accused.[13] The appellant completed schooling through all but two weeks of the twelfth grade, received his high school equivalency while in prison, and is no stranger to the court system. He represented himself in a trial on at least one occasion prior to the instant one. Based on all of these factors, we find that the appellant's waiver of counsel was made voluntarily, knowingly, and intelligently.
The appellant is correct that his waiver was not placed in writing, as required by Crim.R. 44(C). However, we have held previously that strict compliance with this rule is not necessary, so long as the substance and spirit of the rule have been followed.[14] In the instant case, we agree that the trial court's failure to secure a written waiver of counsel from the appellant was an error. Nevertheless, the record reveals that the waiver was made in open court and was recorded.[15]
Moreover, the appellant has not demonstrated that prejudice resulted from the lack of written waiver.[16] Accordingly, although we do not condone the trial court's failure to comply with Crim.R. 44(C), we find that the error did not prejudice the appellant.
Based on the foregoing, the appellant's second assignment of error is overruled.
Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
WALTERS, P.J., and SHAW, J., concur.
[1] State v. MacDonald (1976), 48 Ohio St.2d 66, 68.
[2] Barker v. Wingo (1972), 407 U.S. 514, 523.
[3] R.C. 2945.71.
[4] The Ohio State Supreme Court held in MacDonald that "the triple count provision of R.C. 2945.71(E) applies only to held in jail in lieu of bail solely on the pending charge." MacDonald, 48 Ohio St.2d 66, paragraph one of the syllabus.
[5] State v. Stamps (1998), 127 Ohio App.3d 219, 223.
[6] "R.C. 2945.71(C) is the appropriate time limit for felony trials in cases in which the accused is not entitled to the triple-count provision of R.C. 2945.71[E]." MacDonald, supra, at paragraph two of the syllabus.
[7] The rule dictates that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases, the waiver shall be in writing." Crim.R. 44(C).
[8] Faretta v. California (1975), 422 U.S. 806.
[9] Id.
[10] State v. Gibson (1976), 45 Ohio St.2d 366, paragraph two of the syllabus.
[11] Von Moltke v. Gillies (1948), 332 U.S. 708, 723.
[12] State v. Overholt (1991), 77 Ohio App.3d 111, 117, quotingState v. Allen (Mar. 1, 1988), Allen App. No. 1-86-11, unreported.
[13] State v. Glasure (1999), 132 Ohio App.3d 227, 236.
[14] Overholt, 77 Ohio App.3d at 115
[15] See State v. Brown (July 13, 1994), Medina App. No. 2291-M, unreported.
[16] Id.; State v. Fair (Sept. 17, 1996), Franklin App. Nos. 96APA01-93 96APA01-94, unreported, State v. Manley (June 21, 1996), Columbiana App. No. 95-CO-54, unreported.