OPINION
The defendant/appellant, Michael A. Wilhelm ("the appellant"), appeals the conviction of the Paulding County Municipal Court, finding him guilty of OMVI, in violation of R.C. 4511.19(A)(1), Driving Under an Administrative License Suspension, in violation of R.C. 4511.192, and a safety belt violation, pursuant to R.C. 4513.263(B)(1).
The pertinent facts and procedural history are as follows. In the early morning hours of June 10, 2000, Ohio State Highway Patrol trooper Jared Miller ("Trooper Miller") observed the appellant commit multiple traffic violations, including a marked lanes violation and failure to signal. After the appellant turned into the driveway of a private residence, not his own, the officer effectuated a traffic stop. Trooper Miller administered several field sobriety tests and, based on the appellant's performance on these tests, arrested the appellant.
Prior to leaving the scene of the arrest, the appellant lost consciousness. Because he was unable to wake the appellant, Trooper Miller ultimately summoned the EMS squad to assist. The appellant was subsequently transported to Paulding County Hospital. At the hospital, a blood sample was taken from the appellant for testing, as per Trooper Miller's request.
The appellant was tried on June 28, 2001. The trial court found him guilty of all counts except the Marked Lanes Violation. Although there seems to have been some confusion at the sentencing, the appellant was ultimately fined $2000 and sentenced to serve 180 days for the OMVI offense.
The appellant now appeals this judgment, asserting six assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in overruling defendant's motion to suppress in that the State failed to establish probable cause to make the arrest.
 ASSIGNMENT OF ERROR NO. II The trial court erred in overruling defendant's motion to suppress, as such motion pertained to results of blood testing, in that the State failed to establish that the blood sample was collected and tested in compliance with the provisions of the Ohio Revised Code and/or analyzed in accordance with methods approved by the director of health.
 ASSIGNMENT OF ERROR NO. III The trial court erred in overruling defendant's motion to dismiss all charges — said motion being based on defendant's assertion of violation of statutory speedy trial rights.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in overruling defendant's motion to dismiss the OMVI charge under O.R.C. § 4511.19(A), said motion being based on the defendant's assertion of violation of statutory speed trial rights.
 ASSIGNMENT OF ERROR NO. V The trial court erred in allowing the introduction of evidence at trial, testimony and documentation regarding results of testing of blood sample, absent proper foundational basis therefore.
 ASSIGNMENT OF ERROR NO. VI The trial court erred in convicting the defendant on charges of driving under suspension, where the evidence at trial established that defendant's operation of the vehicle was pursuant to, and consistent with, defendant's occupational driving privileges.
For the sake of brevity, we will address the appellant's third assignment of error first. The appellant argues that the trial court erred in overruling his motion to dismiss all charges on the ground that his right to a speedy trial had been violated. For the following reasons, we agree with the appellant.
A criminal defendant's fundamental right to a speedy trial is guaranteed by the Sixth Amendment and Fourteenth Amendment to the United States Constitution, and by Article I, Section 10 of the Ohio Constitution.[1] R.C. 2945.71(B)(2) requires that all first degree misdemeanors be brought to trial within ninety days.
The original trial date in this case was set for February 9, 2001. On record at a motion hearing on April 17, 2001, the parties stipulated that 63 days chargeable to the State had passed as of the original trial date. Also, the appellant signed a written waiver of speedy trial time on March 16, 2001, which applied from that date forward. Thus, the only issue for our review is whether more than the allowable number of days chargeable to the State passed between February 9, 2001 and March 16, 2001. Without some event to toll speedy trial time, a grand total of 98 days would have passed before the latter date.
On February 12, 2001, via a journal entry, the original trial judge in this case sua sponte entered a continuance until March 16, 2001.[2]
The trial court cited as its reason for this continuance "the necessity of rescheduling numerous cases to ensure the timely and effective administration of justice."
Because the right to a speedy trial is a constitutionally protected one, strict adherence to statutory time limits is required, and the burden to timely try a defendant rests upon the prosecution and trial courts.[3] With regards to sua sponte continuances taken beyond the statutory speedy trial period, the Ohio Supreme Court has held:
 The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes.[4]
In addition to the requirements set out above, a continuance must be necessary under the circumstances of the case.[5] In other words, the trial court's record must affirmatively demonstrate that a sua sponte
continuance was reasonable in view of its purpose.[6] Finally, whensua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the R.C. 2945.71 time limit for bringing the defendant to trial.[7]
The trial court's journal entry is impermissibly vague regarding the reason for its continuance. At the motion to dismiss hearing, the original judge testified regarding the rationale behind his decision. He stated both that he would be away at a seminar during the initial trial time and that there was simply no other time at which to reschedule the case.
At a motion to dismiss hearing held on April 17, 2001, the trial judge testified that the seminar he attended ended on February 9, 2001, the date for which the original trial was set. This explanation by itself is insufficient to account for why the appellant's case was continued until as remote a date as March 16. The judge, who had recently taken office, also testified that he when he took over there was a backlog of cases so severe that he was forced to work more than five days each week.
What troubles us with regards to the judge's testimony is his repeated assertion that if there had been an early time at which to hold the appellant's trial, it was the clerk of court's duty to so schedule it. However, on cross-examination, the judge admitted that he did not realize there was a speedy trial issue in the appellant's case, nor did he consider speedy trial problems when rescheduling it. In light of this admission, we cannot find that continuing the appellant's trial beyond the 90 day speedy trial time was necessary in light of the facts of this case or that it was reasonable in view of its purpose.
Accordingly, the appellant's third assignment of error is well-taken and is hereby sustained.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we vacate the June 28, 2001 judgment of the trial court. Furthermore, this cause is remanded to the trial court with instructions to order the immediate discharge of the appellant from custody.
Judgment vacated and cause remanded, defendant to be discharged.
SHAW, P.J., and BRYANT, J., concur.
[1] State v. MacDonald (1976), 48 Ohio St.2d 66, 68.
[2] The actual bench trial in this matter was not held until June 28, 2001. However, as noted above, the appellant waived his speedy trial rights with regards to all time after March 16, 2001. Therefore, for purposes of our inquiry, the latter date is the relevant one.
[3] State v. Singer (1977), 50 Ohio St.2d 103; State v. MacDonald
(1976), 48 Ohio St.2d 66; State v. Pudlock (1975), 44 Ohio St.2d 104.
[4] State v. Wentworth (1978), 54 Ohio St.2d 171, 174.
[5] State v. Saffell (1988), 35 Ohio St.3d 90, 91, citing Cityof Aurora v. Patrick (1980), 61 Ohio St.2d 107, 108-09.
[6] State v. Lee (1984), 48 Ohio St.2d 208.
[7] State v. Mincy (1982), 2 Ohio St.3d 6.