[Cite as *State v. Savors*, 2022-Ohio-894.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RANDY A. SAVORS, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CO 0007**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 CR 160

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor and *Atty. Tammie M. Jones*, Assistant Prosecuting Attorney105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Donald K. Pond,* 5140 North High Street, Suite 101, Columbus, Ohio 43214, for Defendant-Appellant.

Dated:  March 21, 2022

**D'APOLITO, J.**

**{¶1}**    Appellant, Randy A. Savors, Jr., appeals the judgment entry of the Columbiana County Court of Common Pleas overruling his Motion for Discharge/Speedy Trial based on an alleged constitutional violation by the state of his right to a speedy trial. Appellant later entered pleas of no contest to one count of Failure to Verify Address, in violation of R.C. 2950.06(F), a felony of the third degree, and one count of Failure to Provide Notice of Change of Address, in violation of R.C. 2950.05(F)(1), a felony of the third degree.  Following the entry of his pleas of no contest, Appellant was sentenced to a mandatory prison sentence of three years on each count to be served concurrently.  For the following reasons, the judgment entry of the trial court on the alleged constitutional speedy trial violation is affirmed.

## PROCEDURAL HISTORY

**{¶2}**    On March 17, 2020, the state charged Appellant with one count of Failure to Verify Address and one count of Failure to Provide Notice of Change of Address in the municipal court.   Ten days later, on March 27, 2020, in response to the COVID-19 pandemic, the Governor of Ohio signed into law Am.Sub.H.B. No. 197, which immediately tolled all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever was came first.  *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166.

**{¶3}**    Appellant was arrested on April 2, 2020.   The following day, Appellant appeared in the municipal court and entered a technical no plea to the charges.

**{¶4}**    Appellant appeared again in the municipal court on April 9, 2020 and waived a preliminary hearing.  Bond was set at $25,000.00 cash or surety.  On April 23, 2020, the common pleas court issued a continuation order on the original bond.

**{¶5}**    On June 10, 2020, the grand jury indicted Appellant for the two charges to which Appellant ultimately entered his pleas of no contest. Appellant was served with the

indictment at the county jail on June 16, 2020. He was arraigned on the same day. The bond was ordered to remain in effect.

**{¶6}** On July 23, 2020, Appellant filed motions for a bill of particulars and for access to discovery and applicable *Brady* material.

**{¶7}** On August 10, 2020, the matter was set for a status conference on August 13, 2020, and a trial by jury was scheduled for August 17, 2020.

**{¶8}** On August 11, 2020, Appellant filed the Motion for Discharge/Speedy Trial currently on appeal. Appellant alleged both statutory and constitutional speedy trial violations, predicated upon the fact that he had been incarcerated for 133 days as of August 11, 2020. On August 13, 2020, the trial court modified Appellant's bond order to a $50,000.00 recognizance bond. Appellant was released from jail that same day.

**{¶9}** On August 27, 2020, the state filed its response brief. The state asserted that Am.Sub.H.B. No. 197 tolled all of the time up to July 30, 2020. The state further asserted that the time period between August 1, 2020 to August 5, 2020 was tolled due to Appellant's pending motions for a bill of particulars and for *Brady* material. In so arguing, the state appears to argue that it had fourteen days to respond to Appellant's motions. Therefore, according to the state's calculation, only six days had elapsed (August 6 to August 11).

**{¶10}** The state's brief reads, "TIME COUNTED AT TRIPLE COUNT **(6 days)**." However, applying the triple count provision, as Appellant was incarcerated, eighteen of the 270 days would have elapsed on August 11, 2020. Nonetheless, based on the state's calculation, no statutory speedy trial violation had occurred.

**{¶11}** On September 23, 2020, the trial court overruled Appellant's motion. With respect to the alleged constitutional violation, the trial court opined that "[u]nder these extraordinary circumstances, dismissing the indictment would be an unsatisfactorily severe remedy, penalizing the State of Ohio for a delay not of its own doing and over which it had no control." (9/23/20 J.E., p. 2.) The trial court further opined that "even factoring in the delay in this case caused by the COVID pandemic, there is no evidence of an overly long prosecution." (*Id.*)

**{¶12}** Two days later, on September 25, 2020, Appellant failed to appear for a scheduled court hearing. According to his trial counsel, who was present at the hearing,

Appellant had been taken into federal custody. As a consequence, the trial court revoked Appellant's bond and issued a bench warrant for his arrest on September 28, 2020.

{¶13} On October 19, 2020, the trial court scheduled a pretrial hearing for October 29, 2020. That same day, the trial court issued a "Notice of Court Order" directing the Columbiana County Sheriff's Office to retrieve Appellant from the Mahoning County Jail no later than October 26, 2020 for the October 29, 2020 hearing.

{¶14} On October 30, 2020, the trial court issued a judgment entry memorializing the fact that Appellant was not transported to attend the pretrial hearing. The return, filed on October 27, 2020, indicates that the trial court was required to issue a writ in order to authorize the Columbiana County Sheriff's Office to remove Appellant from federal custody.

{¶15} On January 15, 2021, the trial court rescheduled the pretrial hearing for February 5, 2021, but the matter was continued for fourteen days by motion of the state, which requested the additional time to file the required paperwork to obtain temporary custody of Appellant from the federal authorities. At the February 19, 2021 hearing, counsel for Appellant waived Appellant's appearance and the matter was continued to March 29, 2021.

{¶16} At the March 29, 2021 pretrial hearing, Appellant was present and entered his pleas of no contest to both counts in the indictment. That same day, the trial court imposed mandatory three-year sentences for each count to be served concurrently.

{¶17} On April 19, 2021, the trial court issued a judgment entry granting Appellant 133 days of jail time credit. On June 1, 2021, a letter dated May 25, 2021 from the Ohio Department of Rehabilitation and Correction was filed. The letter establishes that the ODRC was unable to apply the jail time credit, and offers the explanation that its failure "may be due to time served/expired, federal custody, county jail, probation/community control, offender is not incarcerated, or the entry has been held for over 30 days and [Appellant] has not been transported to the [ODRC.]"

{¶18} This timely appeal followed.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY FAILING TO DISCHARGE APPELLANT FROM PROSECUTION BECAUSE THE STATE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.**

{¶19} The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Article I, Section 10 of the Ohio Constitution guarantees an accused this same right. *State v. MacDonald*, 48 Ohio St.2d 66, 68, 357 N.E.2d 40 (1976). Although the United States Supreme Court declined to establish the exact number of days within which a trial must be held, it recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial.

{¶20} Pursuant to R.C. 2945.71(C)(2), the state must bring a defendant to trial on felony charges within 270 days of arrest. The statutory speedy-trial period begins to run on the date the defendant is arrested, although the date of arrest is not counted when calculating speedy-trial time. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 44, citing *State v. Tatum*, 3d Dist. Seneca No. 13-10-18, 2011-Ohio-3005. Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55-56, 661 N.E.2d 706 (1996). If the state has violated a defendant's right to a speedy trial, then the court must dismiss the charges against the defendant. R.C. 2945.73(B).

{¶21} Speedy-trial time is tolled by certain events listed in R.C. 2945.72. Such tolling events include "[a]ny period of delay occasioned by the neglect or improper act of the accused," any period of delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused, and any continuances granted upon the accused's own motion," and a "period of any reasonable continuance granted" upon any other party's motion. R.C. 2945.72(D), (E), and (H).

{¶22} A defendant's demand for discovery tolls the speedy-trial time until the state responds to the discovery, or for a reasonable time. *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, 31; R.C. 2945.72(E). Thus, the tolling period for a motion filed by the accused provides a "reasonable time" for the state to respond to motions and the court to rule on them. Courts have held that "30 days" is a "reasonable time." *State v. Crawford*, 6th Dist. Lucas No. L-17-1297, 2019-Ohio-2660, ¶ 30; *State v. Shelby*, 4th Dist. Lawrence No. 15CA20, 2016-Ohio-5721, ¶ 53; *State v. Walker*, 8th Dist. Cuyahoga No. 99239, 2013-Ohio-3522, ¶ 15, citing *State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283.

{¶23} Under the "triple-count provision" contained in R.C. 2945.71(E), each day a defendant is held in jail in lieu of bail counts as three days in the speedy-trial time calculation. However, in *MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40, the Ohio Supreme Court held the triple-count provision applies "only to those defendants held in jail in lieu of bail solely on the pending charge." *Id.* at paragraph one of the syllabus. Accordingly, when an accused is also being held in jail on another charge, the triple-count provision does not apply.

{¶24} Additionally, "[t]he Ohio Attorney General has opined that courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial obligations." *In re Disqualification of Paris*, 161 Ohio St.3d 1285, 2020-Ohio-6875, 164 N.E.3d 509, ¶ 5, quoting *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609, ¶ 7, citing 2020 Ohio Atty.Gen.Ops. No. 2020-002. In *Fleegle*, the Ohio Supreme Court held that trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements and continuing a trial because of a pandemic state of emergency is reasonable under R.C. 2945.72(H). *Id.*

{¶25} When reviewing a statutory speedy-trial question, an appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, ¶ 20. Furthermore, the reviewing court must construe the statutes strictly against the state when reviewing the legal issues in a speedy-trial claim. *Cook*, 75 Ohio St.3d at 57, 661 N.E.2d 70.

{¶26} In determining whether a constitutional speedy-trial violation exists, the reviewing court must balance four factors: "the length of the delay, the reason for the delay, the accused's assertion of his or her right to a speedy trial, and the prejudice to the accused as a result of the delay." *Barker*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530-531, 92 S.Ct. 2182 (e.g., the tolerable delay for an ordinary street crime is considerably less than for a serious, complex charge).

{¶27} The accused must make a threshold showing of a "presumptively prejudicial" delay to trigger an analysis of the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Post-accusation delay approaching one year is generally found to be presumptively prejudicial. *Doggett* at fn. 1.

{¶28} The prejudice factor must be analyzed in light of the following interests that the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 22, quoting *Barker*, *supra,* at 532. The third interest, that is, the impact of the delay on the ability of the defendant to prepare his or her defense, is the greatest concern because it "skews the fairness of the entire system." *Id.*

{¶29} Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, a reviewing court must defer to the trial court's factual findings if they are supported by competent, credible evidence, but review the application of the law to those facts de novo. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, ¶ 15, 168 N.E.3d 1163.

{¶30} Appellant was arrested on April 2, 2020. Accordingly, his speedy trial clock began to run on April 3, 2020. Trial was scheduled for August 17, 2020. Appellant argues that trials by jury were being conducted in Ohio despite the tolling order, and as a consequence, his constitutional right to a speedy trial was violated.

{¶31} However, only four months and fourteen days separate Appellant's arrest and his scheduled trial. Therefore, we find that Appellant has failed to demonstrate the threshold "presumptive prejudice" necessary to trigger analysis under the remaining

*Barker* factors. Appellant argues that the "presumptive prejudice" relating to two non-violent third-degree felonies should be markedly less than one year. Even assuming arguendo that one-half of that time was the appropriate benchmark by which to presume that a defendant suffers prejudice due to the delay, the delay in this case lies at the median point between the three-month speedy trial deadline and the proposed six-month deadline.

**{¶32}** Next, Appellant argues that the post-motion delay of six months between September 25, 2020 (the day that the state learned he was in federal custody) and his pretrial hearing on March 26, 2020 (when he entered his plea) likewise violated his constitutional right to a speedy trial. Appellant attributes the six-month delay to "inaction by the prosecution." (Appellant's Brf., p. 8.)

**{¶33}** Prior to the entry of Appellant's no-contest plea, Appellant did not assert a second speedy-trial violation based on the post-motion delay by written motion, or raise the issue at the plea/sentencing hearing. In other words, Appellant challenges the post-motion delay for the first time on appeal. The failure to file an appropriately timed motion on speedy trial grounds constitutes a waiver of the issue on appeal. *State v. Paige*, 7th Dist. Mahoning No. 17 MA 0033, 2019-Ohio-1088, ¶ 68. Failure to assert a second motion to dismiss on speedy trial grounds predicated upon events occurring after the original motion to dismiss was filed waives the issue on appeal. *State v. McGee*, 7th Dist. Mahoning No. 07 MA 137, 2013-Ohio-1853, ¶ 12. However, even assuming arguendo that the issue is properly before us, we find no constitutional violation.

**{¶34}** The speedy trial period is tolled by R.C. 2945.72(A) for any time that the accused is unavailable for hearing or trial by reason of other criminal proceedings against him "provided that the prosecution exercises reasonable diligence to secure his availability." R.C. 2945.72(A). If the defendant is incarcerated in the county jail of another Ohio county, and the prosecution is aware of the defendant's whereabouts, the record must show that the prosecutor exercised reasonable diligence to have the defendant appear before the court. *State v. Gage*, 1st Dist. No. C-160824A, 2018-Ohio-480, ¶ 21, citing *State v. Gibson*, 8th Dist. No. 76148 (Nov. 9, 2000).

**{¶35}** Even assuming that the six-month delay constitutes a failure to exercise reasonable diligence in securing Appellant for the pretrial hearing, Appellant has not

demonstrated any actual prejudice resulting from the delay. The public policies underlying the prejudice analysis are the prevention of oppressive pretrial incarceration, the minimization of anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *Long, supra*. There is no evidence in the record that Appellant's defense was impaired by the delay, and he was incarcerated for a pending federal charge at the time, which allays any concern regarding oppressive pretrial incarceration or anxiety and concern of the accused.

{¶36} In summary, we find that the delay between Appellant's arrest and his scheduled trial, roughly four month and fourteen days, was insufficient to demonstrate the presumptive prejudice to trigger the remainder of the *Barker* factors. Further, even assuming arguendo that the state failed to exercise reasonable diligence to secure Appellant's availability for the pretrial hearing, we find that Appellant suffered no actual prejudice due to the delay. For the foregoing reasons, the judgment entry of the trial court overruling Appellant's Motion for Discharge/Speedy Trial based on an alleged constitutional violation by the state of his right to a speedy trial is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

Case No. 21 CO 0007

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 21 CO 0007