OPINION
{¶ 1} This is an appeal from the Franklin County Municipal Court. Defendant-appellant, James D. Skaggs, appeals from his conviction and sentence for violating 42 counts of provisions of the Ohio Revised Code relating to tattooing. A total of 16 individuals were tattooed by appellant on various dates from May 8, 2004 through July 13, 2004. A number of the charges involved the same victim and occurred on the same date.
 {¶ 2} Twenty of the charges alleged that appellant operated a business that offered tattooing or body piercing without approval of a board of health, R.C. 3730.02(A). An additional 20 counts charged appellant with performing a tattooing or body piercing in a manner that did not meet safety and sanitation standards. The final two counts charged appellant with performing a tattooing procedure upon a minor under the age of 18 without the consent of the minor's parent or guardian.
 {¶ 3} All of the offenses are misdemeanors of the fourth degree, R.C. 3730.99(A). Each offense is punishable by a maximum of 30 days in jail, R.C. 2929.24(A)(1)(4). In addition, each offense was subject to a fine of up to $250, R.C.2929.28(A)(2)(a)(iv).
 {¶ 4} The 42 charges were filed in affidavit form by the investigating officer. The affidavits were assigned as case Nos. 73422-04-1 through 73422-04-42. All charges were assigned to a single trial judge.
 {¶ 5} Appellant was arrested on July 22, 2004. He was held in jail in lieu of a $250,000 bond set by the trial court. Appellant entered a not guilty plea at his arraignment on July 23, 2004.
 {¶ 6} On August 24, 2004, appellant moved for dismissal of the charges on the ground that he was entitled to discharge because he had been held in jail in lieu of bond for a period of time equal to the maximum sentence that could be imposed for the most serious misdemeanor charge. R.C. 2945.73(C)(1). Appellant was released on his own recognizance on September 1, 2004.
 {¶ 7} The parties filed various memoranda in support of and in opposition to the motion to dismiss. On January 5, 2005, a bench warrant was issued for appellant's arrest, apparently for failure to appear at a scheduled court hearing.
 {¶ 8} On March 4, 2005, the trial court overruled the motion to dismiss. On April 14, 2005, appellant was arrested on the bench warrant issued January 5, 2005.
 {¶ 9} On May 4, 2005, appellant entered a no contest plea to all of the charges. The court imposed a maximum sentence of 30 days on the first six counts, to be served consecutively for a total of 180 days, but suspended the sentence and placed appellant on probation for a period of five years. The court suspended sentence on the balance of the counts. Appellant filed a timely notice of appeal from that judgment.
 {¶ 10} Appellant raises a single assignment of error:
The trial court erred by overruling Defendant's motion to dismiss because Defendant had been held in lieu of bond for a period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged in the complaint in question.
 {¶ 11} The right to a speedy trial is guaranteed by the Sixth Amendment and by Section 10, Article I, Ohio Constitution. Although the Supreme Court has declined to set mandatory time periods within which the state must bring an accused to trial, that court has made clear that the individual states may do so. "The States, of course, are free to prescribe a reasonable period consistent with constitutional standards." Barker v. Wingo
(1972), 407 U.S. 514, 523, 92 S.Ct. 2182. In Ohio, the General Assembly has seen fit to enact R.C. 2945.71 et seq., which "constitute a rational effort to enforce the constitutional right to a public speedy trial * * * and shall be strictly enforced by the courts of this state." State v. Pachay (1980),64 Ohio St.2d 218, syllabus.
 {¶ 12} Under the Ohio speedy trial statutes, a defendant charged with an offense shall be discharged if he is not brought to trial within the time required by R.C. 2945.71. The time within which trial must be held varies depending upon the degree of the offense charged. In the case of a minor misdemeanor, trial must be held within 30 days of arrest or service of summons. R.C.2945.71(A). In the case of a misdemeanor of the third or fourth degree, or where the sentence may not exceed 60 days, trial must be held within 45 days. R.C. 2945.71(B)(1). For misdemeanors of the first or second degree or where the penalty may exceed 60 days, trial must be held within 90 days. R.C. 2945.71(B)(2). When computing the time for trial, each day that a person is held in jail in lieu of bond is counted as three days. R.C. 2945.71(E). This case involves misdemeanors of the fourth degree. Therefore, pursuant to R.C. 2945.71(B)(1), appellant was entitled to a trial on the several charges within 45 days of his arrest.
 {¶ 13} The time within which trial must be held may be extended for certain reasons set out in R.C. 2945.72. Cases not brought to trial within the time limits of R.C. 2945.71 as extended by R.C. 2945.72 are subject to discharge pursuant to R.C. 2945.73. As pertinent to this appeal, R.C. 2945.73(C) provides as follows:
Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:
(1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged;
(2) For a total period equal to the term of imprisonment allowed in lieu of payment of the maximum fine which may be imposed for the most serious misdemeanor charged, when the offense or offenses charged constitute minor misdemeanors.
Only R.C. 2945.73(C)(1) applies in this case.
 {¶ 14} It is undisputed that appellant spent at least 30 days in jail in lieu of bond on the charges filed against him. The maximum sentence for the most serious charge, a misdemeanor of the fourth degree, is 30 days. Appellant argues that under R.C.2945.73(C)(1), he was entitled to discharge on all of the pending charges. Appellee concedes that at least some of the charges are subject to the discharge provision of R.C. 2945.73(C)(1), but only those charges that arose out of one act or transaction. We disagree and for the following reasons, sustain appellant's assignment of error and reverse the judgment of the trial court.
 {¶ 15} R.C. 2945.73(C)(1) mandates discharge of an accused who has been held in jail for a period equal to the maximum sentence that could be imposed on the most serious of multiple misdemeanor charges. Despite the singular use of "misdemeanor" in the first portion of R.C. 2945.73(C), by using the words, "the most serious misdemeanor charged," it is apparent that the General Assembly contemplated multiple charges of misdemeanor offenses.
 {¶ 16} Discharge under R.C. 2945.73(C) is limited to misdemeanors. There is no equivalent section of the Revised Code that requires discharge where an accused has been held for the equivalent to the maximum sentence possible on the most serious of multiple felony offenses. However, by definition, misdemeanors are considered less serious offenses than felonies. The decision to set different time limits and conditions for the prosecution of a series of misdemeanors than the time limits and conditions that apply to the prosecution of a series of felonies or a combination of felonies and misdemeanors, is the prerogative of the legislative branch of government, not the judicial branch.
 {¶ 17} Appellee urges that discharge should be limited to charges that arose from one act or transaction. There is no language to that effect in R.C. 2945.73(C)(1). The statute does not differentiate between multiple misdemeanors of the same or different degrees nor does the statute mention misdemeanors that flow from one act or transaction.
 {¶ 18} Appellee concedes that this appeal arises from a "highly unorthodox occurrence"; combining a series of related and unrelated offenses in one charging instrument. (Appellee's brief, at 6.) The appeal does not involve a situation where an accused is charged in separate cases with unrelated offenses. Here, all charges were brought under the same case number and combined before a single judge for trial.
 {¶ 19} While this case involves misdemeanors, decisions interpreting speedy trial provisions in felony prosecution are instructive. Where the state elects to seek the return of a single indictment that includes multiple felony charges committed by the offender at separate times, involving separate victims, all charges must be brought to trial within the time required for a single felony charge. State v. Armstrong (May 25, 1989), Franklin App. No. 87AP-1166; State v. Collins (1993),91 Ohio App.3d 10; State v. Bowman (1987), 41 Ohio App.3d 318. In this case, appellee elected to bring a single prosecution of all of the misdemeanor charges at one time, despite the fact that the offenses were committed at different times and involved different victims. Having elected to do so, appellee was bound by the provisions of R.C. 2945.73(C).
 {¶ 20} Appellee notes that while R.C. 2945.71(A) and (B) refer only to a single charge, subparagraph (D) of that section provides that multiple charges that arise out of the same act or transaction must be brought to trial within the time period required for the highest charge. Appellee believes that the intent of the General Assembly was that the provisions of R.C.2945.71(D) should be applied to R.C. 2945.73(C)(1) and limit discharge to only those misdemeanors that arise out of a single act or transaction.
 {¶ 21} When a statute is subject to varying interpretations, a court may be called upon to construe the statute. However, "[w]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for [a court] to apply the rules of statutory interpretation." SymmesTownship Board of Trustees v. Smyth; ATT Wireless PCS, Inc.
(2000), 87 Ohio St.3d 549, 553, citing Meeks v. Papadopulos
(1980), 62 Ohio St.2d 187, 190.
 {¶ 22} R.C. 2945.71 and 2945.73 are not ambiguous and need no interpretation. R.C. 2945.73(C) applies in the case of both single and multiple charges of misdemeanor. The statute contains no language that would limit discharge only to those misdemeanor offenses that arose from the same act or transaction. There is no basis to read provisions of R.C. 2945.71(D) into 2945.73(C). To do so would amount to legislation by the court.
 {¶ 23} Additionally, R.C. 2945.71(D) is a general provision while R.C. 2945.73(C) is a special provision. "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C. 1.51. Therefore, even if there were an irreconcilable conflict between the statutes, the special or local provision, R.C. 2945.73(C)(1), would prevail over the general provision, R.C. 2945.71(D), unless the manifest intent of the legislature were otherwise.
 {¶ 24} A review of the legislative history of both sections gives no indication that the legislature intended that R.C.2945.71(D) should prevail over R.C. 2945.73(C)(1). Both sections were adopted by the General Assembly effective January 1, 1974. See 134 v H 511. Following the decision in State v. Hughes
(1999), 86 Ohio St.3d 424, the 123rd Ohio General Assembly amended R.C. 2945.71(D) to clarify the manner in which the speedy trial statutes apply where a defendant is charged with both felonies and misdemeanors in a single charging instrument. See 148 v S 49, effective November 29, 1999. Hughes reviewed the former version of R.C. 2945.71(D) and held that where an accused was charged in a single indictment with both felonies and misdemeanors that arose from the same act or transaction, the state was required to try the misdemeanor counts within the time limits for misdemeanors. The 1999 amendment did not alter the "same act or transaction" language of subparagraph (D), and there is no indication that the General Assembly intended the amendment of R.C. 2945.71(D) to impact on R.C. 2945.73(C)(1). Had that been the intent, the General Assembly would have amended R.C.2945.73(C) to limit discharge to those misdemeanors arising from the same act or transaction. Accordingly, it cannot be said that the manifest intent of the General Assembly was that R.C.2945.71(D) should prevail over R.C. 2945.73(C)(1).
 {¶ 25} The decision to treat multiple misdemeanor charges differently than multiple felony charges or a combination of felony and misdemeanor charges is a legislative consideration. Any change in R.C. 2945.73(C) that would limit discharge of multiple misdemeanors to those misdemeanor offenses that arose from the same act or transaction must come from the General Assembly, not the courts.
 {¶ 26} Both appellee and the trial court rely upon State v.Peck, Franklin App. No. 01AP-1379, 2002-Ohio-3889, and State v.Callender (Feb. 4, 1992), Franklin App. No. 91AP-713. BothPeck and Callender involved the credit for pre-trial confinement applied against a sentence pursuant to R.C. 2967.191. Neither case involved the speedy trial statutes and neither is pertinent to the issue presented by this appeal.
 {¶ 27} Appellant's case falls directly within the provisions of R.C. 2945.73(C)(1). Because appellant was held in jail for more than the maximum sentence that could be imposed on the most serious misdemeanor charge, he was entitled to discharge on all of the charges lodged against him. Appellant's single assignment of error is sustained. The judgment below is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Brown and Sadler, JJ., concur.