[Cite as *State v. Church-Green*, 2024-Ohio-1996.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellant,           :             No. 23AP-97
                                                         (M.C. No. 2022CRB6865)
v.                                         :
                                                         (REGULAR CALENDAR)
Alleigha Church-Green,                     :

      Defendant-Appellee,            :

D E C I S I O N

Rendered on May 23, 2024

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias*, and *Orly Ahroni*, for appellant.  **Argued:** *Orly Ahroni*.

**On brief:** *Mitch Williams*, Public Defender, and *George M. Schumann*, for appellee.  **Argued:** *George M. Schumann*.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1}  Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Municipal Court granting the motion to dismiss filed by defendant-appellee, Alleigha Church-Green.  For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2}  On May 13, 2022, Church-Green was charged in the Franklin County Municipal Court with committing domestic violence and assault, both first-degree misdemeanors.  A warrant was issued, and, on May 21, 2022, she was arrested and jailed on these charges.  Based on her conduct when she was arrested, Church-Green was charged the same day in the Franklin County Municipal Court for assault on a police officer, a

fourth-degree felony.  In the misdemeanor case, the court set bond at $10,000 and, in the felony case, the court set bond at $25,000.  Church-Green did not post bond in either case and therefore remained in jail.

{¶ 3}    On May 27, 2022, Church-Green was indicted in the Franklin County Court of Common Pleas on one count of assault on a police officer, a fourth-degree felony.  Based on this indictment, the municipal court case alleging the same crime was dismissed.  On June 1, 2022, the Franklin County Court of Common Pleas reserved setting bond until Church-Green was present or her presence was waived, and it appears that court never set bond.  Thus, Church-Green remained held in jail without bond in the matter.  On August 3, 2022, she pled guilty to the indicted count of assault on a police officer, and the common pleas court sentenced her to six months of community control, to be served at the Franklin County Corrections Center.  On November 15, 2022, Church-Green completed her six months at the county jail, and thus the common pleas court released her from community control.

{¶ 4}    During the pendency of the felony case, the misdemeanor case was repeatedly continued at Church-Green's request.  Then on September 8, 2022, the defense requested a competency evaluation, which was granted, and a competency hearing was set for October 10, 2022.  The next day, the state filed a motion to modify bond to a recognizance bond on the basis that Church-Green ultimately may be entitled to discharge under R.C. 2945.73(C)(1) for being in jail for the maximum prison term for the most serious misdemeanor charged.  Church-Green opposed the motion, which the municipal court denied. On October 10, 2022, the municipal court found Church-Green competent to stand trial, and the case was set for a jury trial on November 14, 2022.  On that trial date, and again three days later, the matter was continued at Church-Green's request, and the municipal court set the new trial date for January 4, 2023.  Also on November 17, 2022, the municipal court modified Church-Green's bond to a recognizance bond, and she was released from jail.  On November 30, 2022, Church-Green moved to dismiss the misdemeanor charges pursuant to R.C. 2945.73(C)(1).  In January 2023, the municipal court granted Church-Green's motion to dismiss.

{¶ 5}    The state timely appeals.

## II. Assignments of Error

{¶ 6}    The state assigns the following two assignments of error for our review:

> [I.] The trial court erred when it granted Defendant's motion to dismiss the misdemeanor charges because Defendant had not been held in jail awaiting trial solely on the pending misdemeanor charges for the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged.
>
> [II.] The trial court erred when it granted Defendant's motion to dismiss the misdemeanor charges because Defendant was not held in jail on the misdemeanors while she was serving a sentence on an unrelated felony.

## III. Discussion

{¶ 7}    In its first assignment of error, the state asserts the municipal court erred in granting Church-Green's motion to dismiss her misdemeanor charges. The state argues the municipal court erroneously concluded that R.C. 2945.73(C)(1) required the dismissal of the misdemeanor charges even though Church-Green was not held in jail solely on those charges.

{¶ 8}    At issue is the applicability of R.C. 2945.73(C)(1),[1] which states:

> (C) Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:
>
> (1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged[.]

{¶ 9}    Pursuant to this statute, a person charged "with misdemeanor" must be discharged if the person has been "held in jail in lieu of bond awaiting trial on the pending charge" for a time period equal to the maximum prison term for the most serious misdemeanor charged. Discharge under R.C. 2945.73(C)(1) must occur even if the

---

[1] This statute was amended, effective April 4, 2023. 2021 Ohio S.B. No. 288. The provision at issue was renumbered as R.C. 2945.73(B)(2)(a), with "the person" replacing "he," but otherwise the General Assembly kept the same language. Although the applicable version is now the "former" version, for ease of reading, we will not repeatedly so designate it as such in our analysis.

permissible time for trial has not expired under R.C. 2945.71 and 2945.72. That is, the tolling of time as set forth in R.C. 2945.72 does not alter the timing of a discharge pursuant to R.C. 2945.73(C)(1).[2]

{¶ 10} The dispute in this case centers on whether Church-Green was "held in jail in lieu of bond awaiting trial on the pending [misdemeanor] charge[s]" for a time period equal to the maximum term of imprisonment for the most serious misdemeanor charged, which in this case was 180 days in jail. *See* R.C. 2929.24(A)(1) (maximum jail term for a first-degree misdemeanor is 180 days). The state asserts the language "held in jail in lieu of bond awaiting trial on the pending [misdemeanor] charge[s]" in R.C. 2945.73(C)(1) means "held in jail in lieu of bond awaiting trial *solely* on the pending [misdemeanor] charge[s]." (Emphasis sic.) (State's Brief at 7-12.) And because Church-Green was being held in jail on a felony in a separate case, during the time she was awaiting trial on the misdemeanor charges, the state argues she was not eligible for discharge under this statute. In opposition, Church-Green argues the state's interpretation of R.C. 2945.73(C)(1) impermissibly adds a word to the statute—solely—thereby rewriting the statute and changing the meaning. She asserts the statute applied because she was held in jail in lieu of bond awaiting trial on the misdemeanor charges, even though she was also held on a jail sentence in a felony case as a condition of community control. Thus, this case presents a question of statutory construction.

{¶ 11} Statutory construction is a question of law subject to de novo review. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8; *Ohio Dept. of Adm. Servs. v. Fraternal Order of Police of Ohio, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 12, citing *Licking Hts. Local School Dist. Bd. of Edn. v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 12AP-579, 2013-Ohio-3211, ¶ 9. In ascertaining the meaning of a statute, a court's paramount concern is legislative intent. *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, ¶ 34, citing *State ex rel. Asberry v. Payne*, 82 Ohio St.3d 44, 47 (1998). To discern legislative intent, a court first considers the statutory language, "reading

---

[2] Conversely, R.C. 2945.73(C)(1)'s applicability in a particular case does not affect the constitutionally protected speedy trial right codified in R.C. 2945.71. This statute limits the time for trial, which may be extended pursuant to R.C. 2945.72, notwithstanding when a discharge may be scheduled to occur pursuant to R.C. 2945.73(C)(1).

words and phrases in context and construing them in accordance with rules of grammar and common usage." *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, ¶ 40. A court may not insert or delete words in a statute. *See In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 10th Dist. No. 15AP-1146, 2017-Ohio-196, ¶ 38 ("[w]hen interpreting a statute, '[c]ourts may not delete words used or insert words not used' "), quoting *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 19; *In re Application of Columbus S. Power Co.*, 147 Ohio St.3d 439, 2016-Ohio-1608, ¶ 49 ("[b]ut in construing a statute, we may not add or delete words"); *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 23 ("court[s] must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly"). When a statute's meaning is "clear, unequivocal, and definite, then statutory interpretation ends, and the court applies the statute according to its terms." *Livingston Villa* at ¶ 38, citing *Columbia Gas* at ¶ 19, and *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11.

{¶ 12} Church-Green argues this court's decision in *State v. Skaggs*, 10th Dist. No. 05AP-554, 2006-Ohio-1476, supports the municipal court's judgment and her contention that the state's reading of R.C. 2945.73(C)(1) improperly adds a word to the statutory text. In *Skaggs*, this court addressed whether application of R.C. 2945.73(C) should be limited to a single misdemeanor charge. As to this issue, this court held that "[R.C.] 2945.73 [is] not ambiguous and need[s] no interpretation. R.C. 2945.73(C) applies in the case of both single and multiple charges of misdemeanor." *Id.* at ¶ 22. In *Skaggs*, this court did not, however, address the meaning of a defendant being "held in jail in lieu of bond awaiting trial on the pending [misdemeanor] charge[s]," when the defendant is also being held in jail for a felony. Thus, Church-Green's reliance on *Skaggs* is misplaced.

{¶ 13} Although this court has not previously addressed the particular issue presented in this appeal, other Ohio courts of appeals have construed R.C. 2945.73(C)(1)'s "held in jail in lieu of bond awaiting trial on the pending [misdemeanor] charge[s]" language to mean held in jail in lieu of bond awaiting trial *solely* on the pending misdemeanor charge(s). In *State v. Johnson*, 2d Dist. No. 23508, 2011-Ohio-1133, the Second District addressed the disputed meaning of the above-quoted language of R.C. 2945.73(C)(1) when the defendant is also being held in jail for a felony in a separate matter.

To resolve the issue, the *Johnson* court relied on a Supreme Court of Ohio holding in *State v. MacDonald*, 48 Ohio St.2d 66 (1976). In *MacDonald*, the Supreme Court held that R.C. 2945.71(D),[3] which provides for the tripling of time a defendant is "held in jail in lieu of bail on the pending charge" for the purpose of computing when a trial must be held, applies only to those defendants "held in jail in lieu of bail solely on the pending charge." *Id.* at 69 and paragraph one of the syllabus. Applying *MacDonald*, the *Johnson* court held that the language at issue in R.C. 2945.73(C)(1) did not apply to a defendant who was not held in jail in lieu of bond solely on the pending misdemeanor charge. *Johnson* at ¶ 22. In *Johnson*, the defendant was arrested and jailed on misdemeanor charges, and then a few months later was indicted and held on an unrelated felony charge. *Id.* at ¶ 17. The *Johnson* court reasoned that because the defendant was not held in jail in lieu of bond solely on the pending misdemeanor charges, once he was indicted on the felony charge, the days he was held after that felony charge indictment did not count, for the purpose of R.C. 2945.73(C)(1), as time held in jail in lieu of bond on the misdemeanor charges. *Id.* at ¶ 23. Consequently, the defendant in *Johnson* was found not entitled to discharge pursuant to R.C. 2945.73(C)(1).

{¶ 14} In *State v. Hart*, 12th Dist. No. CA2011-03-008, 2012-Ohio-1896, the defendant argued on appeal that he was erroneously convicted of a third-degree misdemeanor because he had been held in jail for 63 days prior to trial, three days longer than the maximum term of imprisonment for the offense. *Hart* at ¶ 28. The state argued that R.C. 2945.73(C) did not apply because the defendant was charged with a felony, in addition to the misdemeanor. *Id.* at ¶ 30. In resolving this issue, the *Hart* court, consistent with the *Johnson* court, found that "[b]y its explicit terms, subsection (C) limits discharge to offenders charged solely with misdemeanors." (Emphasis omitted.) *Id.* at ¶ 31. Consequently, the *Hart* court reasoned that "because [the defendant] was charged with a felony as well as a misdemeanor, he was not entitled to discharge under R.C. 2945.73(C)." *Id.*

---

[3] This provision is now codified at R.C. 2945.71(E), and states in part: "For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

{¶ 15} Therefore, in both *Hart* and *Johnson*, the courts held that for R.C. 2945.73(C) to apply to a pending misdemeanor charge, the defendant must be held in jail in lieu of bond solely on that charge. Church-Green does not cite, and we do not find, any case holding otherwise. And we find these holdings are consistent with the plain language of the statute. If a defendant is being held in jail on a felony, while waiting for trial on one or more misdemeanors, then the defendant is not being "held in jail in lieu of bond" on the misdemeanor charge(s) because the defendant would remain in jail even if he or she was able to post bond as to the misdemeanor charge(s). In this way, a defendant is only eligible for possible discharge under R.C. 2945.73(C)(1) when the defendant is being held in jail in lieu of bond solely on the misdemeanor charge(s).

{¶ 16} Applying the requirements of R.C. 2945.73(C)(1), and the reasoning of *Hart* and *Johnson*, to the facts here, demonstrates the municipal court erred in dismissing Church-Green's misdemeanor charges. In May 2022, Church-Green was charged, arrested, and held in jail for two first-degree misdemeanors. Soon thereafter, she was charged and then indicted on an unrelated fourth-degree felony. She did not post bond in either matter and thus remained in jail. In the felony case, Church-Green pled guilty and was sentenced to 6 months of community control, to be served at the Franklin County Corrections Center. She served that 6-month sentence, and the trial court released her from community control. Immediately thereafter, Church-Green moved for dismissal of the misdemeanor case, which had been continued repeatedly at her request, on the basis that she had been held in jail in lieu of bond for 180 days (the maximum jail sentence for a first-degree misdemeanor) on the pending misdemeanor charges. In calculating the days in which Church-Green was held in jail in lieu of bond on the pending misdemeanor charges, the municipal court erroneously included days in which she was serving the jail sentence on the felony conviction. Because Church-Green was serving time in jail for the felony conviction, she was not, on those days, being held in jail in lieu of bond solely on the pending misdemeanor charges, as required for R.C. 2945.73(C)(1) to apply. *See Hart* and *Johnson*, supra. Therefore, we find the municipal court erroneously granted Church-Green's motion to dismiss the misdemeanor charges.

{¶ 17} For these reasons, we sustain the state's first assignment of error.

{¶ 18} The state's second assignment of error alleges the municipal court erred in dismissing Church-Green's misdemeanor charges because she was not "held in jail" on those charges while she was serving a sentence on an unrelated felony. Our disposition of the state's first assignment of error moots its second assignment of error.

## IV. Disposition

{¶ 19} Having sustained the state's first assignment of error, and finding as moot its second assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN, J., concurs.
JAMISON, J., dissents.

JAMISON, J., dissenting.

{¶ 20} I disagree with the majority in disposition of the assignments of error in this case. The majority concludes the municipal court erred in granting Church-Green's motion for discharge under R.C. 2945.73(B) because Church-Green was not held in lieu of bond *solely* on the pending charge. I do not agree with this interpretation of R.C. 2945.73(B). Accordingly, I would overrule the assignments of error and affirm the judgment of the Franklin County Municipal Court.

{¶ 21} The questions before this court surround the meaning of certain language in R.C. 2945.73(B). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. " 'Where the language of a statute is plain and unambiguous * * * there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is applied, not interpreted.' " *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "Because the language of R.C. 313.10(C)(1) is plain and unambiguous, we apply the plain terms of the statute." *Id.*

{¶ 22} The majority decision is grounded on the conclusion reached by the Supreme Court of Ohio in *State v. MacDonald*, 48 Ohio St.2d 66 (1976). In *MacDonald*, the defendant was charged with state and federal charges, and was being held concurrently at one point on both sets of charges. Later, he was incarcerated in federal prison while the state charges were still pending. The trial court denied the defendant's motion for discharge on speedy trial grounds and subsequently convicted him of the state charges. The Court of Appeals reversed upon concluding that the triple-count provision in former R.C. 2145.71(D) applied. The Supreme Court held that the triple-count provision applied only to "defendants held in lieu of bail *solely* on the pending charge." (Emphasis added.) *Id*. at syllabus. In so holding, the court reasoned as follows:

> [The defendant] was not entitled to the triple-count provision after July 29, 1974, as he was not being held solely on the pending charges. He was being held jointly on federal and state charges. Had the Cuyahoga County prosecutor decided to drop his charges, [the defendant] would not have been released because he was then serving a two-year federal prison sentence. Further, no bail on the state charges could have been offered [to the defendant] because of the federal sentence. [The defendant] therefore was not being held in lieu of bail solely on the pending charge, and consequently the triple-count provision does not apply.

(Emphasis sic.) *Id*. at 71.

{¶ 23} The rationale for the triple-count provision, now found in R.C. 2945.71(E), is the recognition that a person who is presumed innocent, but confined in lieu of bond, must be brought to trial more expeditiously than a person who is free from confinement pending trial. The logic of *MacDonald* is that there is no need to expedite trial if the accused is being held concurrently on an unrelated charge. Accordingly, the *MacDonald* court added the word "solely" to R.C. 2945.71(E), so that the language of the statute clearly reflects the legislative intent.

{¶ 24} The state argues that this appeal is controlled by *MacDonald* and the jail-time credit provisions in the Ohio Revised Code. In my view, the clear and unambiguous provisions of R.C. 2945.73(B)(2), as written, dictate the outcome of this appeal. R.C. 2945.73(B)(2) and (3) provide in relevant part as follows:

> *Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code*, a person charged with misdemeanor shall be discharged if the person is held in jail in lieu of bond awaiting trial on the pending charge:
>
> (a) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged;
>
> * * *
>
> (3) A discharge under division (B)(2) of this section is a bar to any further criminal proceedings against the person based on the same conduct.

(Emphasis added.)

{¶ 25} Under R.C. 2945.73(B)(2), the time limitations and extension provided by sections 2945.71 and 2945.72 are expressly excluded from consideration. Accordingly, discharge is required under R.C. 2945.73(B)(2) when a person is held in jail in lieu of bond awaiting trial on the pending misdemeanor charge for a total period equal to the maximum term of imprisonment, "regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72." Under R.C. 2945.73(B)(2), discharge is required even though the speedy trial time provided in R.C. 2945.71 and 2945.72 has yet to elapse. Furthermore, because the plain language of the statute makes the triple-count provision of R.C. 2945.71(E) inapplicable, each day in jail in lieu of bond is counted as one day for purposes of discharge under R.C. 2945.73(B)(2). Moreover, while discharge under R.C. 2945.73(B)(3) "bar[s] * * * any further criminal proceedings against the person based on the same conduct," it does not mandate release from confinement if the person is concurrently held on unrelated charges. Because R.C. 2945.73(B)(2) expressly excludes R.C. 2945.71 and 2945.72 from consideration, and because R.C. 2945.73(B)(3) bars further criminal proceedings against the person based on the same conduct, but does not mandate a release from confinement, there is no justifiable reason to add the word "solely" to the operative language.

{¶ 26} In my view, both the Second and Twelfth Districts mistakenly applied *MacDonald* to a situation where it was never intended to apply. The triple-count provision of R.C. 2945.71 serves a distinctly different purpose than the discharge provisions under

R.C. 2945.73(B)(2) and (3). *State v. Johnson*, 2d Dist. No. 23508, 2011-Ohio-1133 and *State v. Hart*, 12th Dist. No. CA2011-03-008, 2012-Ohio-1896 added the word "solely" to R.C. 2945.73(B)(2) simply because the *MacDonald* court added "solely" to similar language in R.C. 2945.71(E). Both courts did so without considering the context in which the operative language was used. As a result, the Second and Twelfth Districts erroneously added the word "solely" to an otherwise clear and unambiguous statute. *See State v. Skaggs*, 10th Dist. No. 05AP-554, 2006-Ohio-1476, ¶ 26 (refusing to add language to R.C. 2945.73(B)(2) limiting discharge to misdemeanors that arise out of the same act or transaction).

{¶ 27} There is no dispute that Church-Green was held in jail in lieu of bond on the pending misdemeanor charge for more than six months. Thus, R.C. 2945.73(B)(2) and (3), required the municipal court to discharge Church-Green from further criminal proceedings on the misdemeanor charge. The common pleas court concurrently released Church-Green from confinement because she had served her sentence on the felony and there were no other pending charges.

{¶ 28} It is common knowledge that defendants have a separate slate number created by the Franklin County Sheriff's Office for each case number wherewith the defendant is charged. Church-Green was arrested on May 21, 2022 and slated into the Franklin County Jail under Franklin M.C. case No. 2022CRB-6865. Subsequently, on May 27, 2022 Church-Green was indicted in Franklin C.P. No. 22CR-2356 and an additional slate number was created. Each case has its own slate and case number in which Church-Green was being held in jail, a separate bond was assigned to each case, and she was prosecuted separately.

{¶ 29} When Church-Green pled guilty to the felony charge, she was sentenced to a term in the county jail rather than the state prison. The misdemeanor case remained active, and the state continued to actively prosecute Church-Green for the misdemeanor offenses, including the filing of a motion to modify bond and participating in a competency determination. In the state's motion to modify Church-Green's bond, the prosecutor recognized that she was currently being held in jail in lieu of bond on the misdemeanor offenses, and that the time in which to proceed was running out. The state also recognized

that R.C. 2945.72 did not extend the time in which it could bring Church-Green to trial under R.C. 2945.73(B)(2).[4]

{¶ 30} By the time Church-Green was discharged, she had been held in jail in lieu of bond while awaiting trial on the pending misdemeanor charges for a total of 161 days. In my view, the municipal court appropriately discharged Church-Green from any further prosecution on the misdemeanor charges.

{¶ 31} Based on the foregoing, I would overrule the state's assignments of error and affirm the judgment of the Franklin County Municipal Court.  Because the majority does not, I respectfully dissent.

––––––––––––

[4] By contrast, if Church-Green had "entered upon a term of imprisonment in a correctional institution of this state," R.C. 2941.401 would be implicated.  Under that section of the revised code, any untried complaint against the prisoner must be brought to trial within 180 days after the prisoner delivers written notice to the prosecuting attorney and the appropriate court of the place of the prisoner's imprisonment and a request for a final disposition. Upon such notice, "[i]f the action is not brought to trial within the time provided, * * * the * * * complaint is void, and the court shall enter an order dismissing the action with prejudice." R.C. 2941.401. Because Church-Green was ordered to serve her felony sentence in the Franklin County Jail, R.C. 2941.401 did not apply.