[Cite as *Stephens v. Zusack*, 2025-Ohio-2129.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

LEE C. STEPHENS

Petitioner,

v.

JAMES G. ZUSACK
BELMONT COUNTY, OHIO SHERIFF

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 BE 0024**

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Cole A. Antolak*, Assistant Belmont County Public Defender, for Petitioner.

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Respondent.

Dated: June 16, 2025

**PER CURIAM.**

**{¶1}** This matter came before the Court on Petitioner Lee C. Stephens' petition for a writ of habeas corpus filed May 23, 2025. Due to the time sensitive nature of this case—involving a pretrial detainee held beyond the maximum sentence for his charged offense—this Court issued a Judgment Entry on May 30, 2025, granting the writ and ordering Stephens' immediate release. We stated in that entry that our Opinion would follow separately. We now issue this combined Opinion and Judgment Entry setting forth our complete disposition of the case.

**{¶2}** Stephens, a pretrial detainee confined at the Belmont County Jail without bond since his arrest on March 14, 2025, seeks immediate release through this original action in habeas corpus. The petition names Belmont County Sheriff James G. Zusack as Respondent. Stephens claims that his continued detention—now spanning more than seventy-seven days on a fourth-degree misdemeanor domestic violence charge carrying a maximum thirty-day sentence—violates both his statutory rights under R.C. 2945.73(B)(2) and his constitutional liberty interests. For the reasons set forth below, we grant the writ and order Stephens' immediate discharge from custody in case number 25CRB00143E.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. The Underlying Criminal Case

**{¶3}** On March 14, 2025, Stephens was arrested and charged with one count of domestic violence, a fourth-degree misdemeanor under R.C. 2919.25, in Belmont County Eastern Division Court case number 25CRB00143E. At his March 18, 2025 arraignment before Judge David Trouten, the trial court entered a not-guilty plea on Stephens' behalf, appointed the Public Defender's Office to represent him, issued a no-contact order, and ordered an "emergency evaluation" for Stephens by Coleman Health Services. Critically, the court ordered Stephens held without bond and scheduled a follow-up hearing for March 20, 2025.

**{¶4}** At the March 20, 2025 hearing, Attorney Cole A. Antolak of the Belmont County Public Defender's Office appeared on Stephens' behalf and has remained his

counsel throughout these proceedings. The trial court upheld its previous orders denying bond and maintaining the no-contact directive, scheduling trial for March 27, 2025.

{¶5}   On the scheduled trial date of March 27, 2025, rather than proceeding to trial, the court referenced a report filed by Coleman Health Services and questioned Stephens' "competency to stand trial at this time." The court continued the trial generally and ordered Stephens to be evaluated for "competency determination," this time by Forensic Diagnostic Center of District Nine, Inc. The court ordered Stephens' transfer from the jail to a psychiatric facility "as the jail is not safe for the Defendant's mental health"—though the record contains no indication that this transfer ever occurred. The court ordered that Stephens remain held on no bond "for the safety of himself and for the safety of the public" and scheduled a status conference for April 10, 2025.

{¶6}   On April 10, 2025, the trial court, on its own motion, continued the status conference for two weeks to April 24, 2025, and continued the no-bond order.

### B. The Motion to Dismiss and Court's Response

{¶7}   On April 23, 2025, Attorney Antolak filed a motion to dismiss the case, arguing that Stephens had already served more than the thirty-day maximum sentence for a fourth-degree misdemeanor under R.C. 2929.24(A)(4). At that point, Stephens had been continuously detained for forty days.

{¶8}   The trial court held a hearing on the motion to dismiss on April 24, 2025, which included the presentation of testimony. The court took the motion under advisement and announced that it would issue a decision "in the near future." A status conference was scheduled for May 8, 2025, and the no-bond order remained in effect.

{¶9}   In a docket entry dated May 6, 2025, the trial court issued its "ruling" on the motion to dismiss: "Due to the fact that there is currently a competency evaluation pending, the Court orders all Motions to be stayed until a finding on competency is made." The court noted that the case remained scheduled for a status conference on May 8, 2025, and that the no-bond order remained in effect.

### C. The First Habeas Petition (25BE0019)

{¶10} With Stephens having been detained for fifty-five days by May 8, 2025, Attorney Antolak filed Stephens' first petition for a writ of habeas corpus with this Court

under case number 25BE0019.  The petition alleged that Stephens' continued detention violated R.C. 2945.73(B)(2), which requires discharge of misdemeanor defendants held longer than the maximum sentence for their offense.

{¶11}  Meanwhile, the trial court conducted the scheduled status conference on May 9, 2025 (one day after the first habeas petition was filed), where Attorney Antolak "reiterated his objection."  The court continued the status conference to May 20, 2025, and reaffirmed the no-bond order.

{¶12}  On May 20, 2025, the trial court held another status conference.  The state appeared through Assistant Prosecutor Joshua Norman, and Attorney Antolak appeared on behalf of Stephens.  The court continued the status conference to June 5, 2025, and maintained the no-bond order.  By this date, Stephens had been continuously detained for sixty-seven days.

{¶13}  On May 22, 2025, this Court dismissed the first habeas petition sua sponte, finding it procedurally deficient under R.C. 2725.04(D).  Specifically, the Court noted that while Stephens presented "a facially compelling argument that his 55-day detention exceeds the maximum 30-day sentence authorized for a fourth-degree misdemeanor," the petition failed to include the required commitment papers or an explanation for their absence.  The Court explicitly stated:  "Should Stephens refile his petition that meets those requirements, including the requisite documentation or provide a sufficient explanation for why such papers cannot be procured, this Court would then be positioned to address the serious statutory and constitutional questions his case presents."

### D. The Present Petition (25BE0024)

{¶14}  The following day, May 23, 2025, Attorney Antolak filed the present petition for a writ of habeas corpus under case number 25BE0024.  This petition corrects the procedural deficiency identified in the first case by attaching as exhibits the complaint, arraignment entries, and all subsequent docket entries ordering Stephens' continued detention without bond.  By this date, Stephens had been continuously detained for seventy days.  While the petition incorrectly cites the relevant division and subdivision as

R.C. 2945.73(C)(1), the correct citation, as counsel for Respondent properly notes in its response, is R.C. 2945.73(B)(2).[1]

{¶15} On May 28, 2025, this Court ordered Respondent to file a response by May 30, 2025. On that date, Respondent, through Assistant Prosecutor Jacob A. Manning, filed a response conceding that "the application of R.C. 2945.73(B)(2)(a) in this case requires that Petitioner be discharged, given that he has been held in jail for a period exceeding the maximum term of imprisonment which may be imposed for the misdemeanor with which he has been charged." Respondent explicitly concedes "that the Petition's requested relief—Petitioner's discharge—should be granted."

{¶16} As of this date, May 30, 2025, Stephens has been continuously detained for seventy-seven days—more than two and a half times the maximum thirty-day sentence authorized for his offense.

## II. LEGAL ANALYSIS

### A. Statutory Framework and the Bright-Line Rule

{¶17} R.C. 2945.73(B)(2) establishes a clear mandate for the discharge of misdemeanor defendants held beyond the maximum sentence for their offense:

> (2) Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with a misdemeanor shall be discharged if the person is held in jail in lieu of bond awaiting trial on the pending charge:

> (a) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged.

{¶18} This statutory provision creates a bright-line rule that operates independently from speedy trial calculations. Unlike the speedy trial provisions, which can be extended for various reasons enumerated in R.C. 2945.72, the maximum

---

[1]. R.C. 2945.73 was amended by Am. Sub. S.B. 288, effective April 4, 2023. *See* 2022 Ohio Laws File 160. Prior to this amendment, the provision requiring discharge of misdemeanor defendants held beyond the maximum sentence was codified at R.C. 2945.73(C)(1). The amendment reorganized the statute and moved this provision to R.C. 2945.73(B)(2)(a), though the operative language remained substantively unchanged. Counsel's citation to the former subsection suggests reliance on pre-amendment materials or statutes.

detention provision in R.C. 2945.73(B)(2) contains no exceptions or tolling provisions. The statute explicitly states it applies "regardless of whether a longer time limit may be provided" under the speedy trial statutes. *See State v. Church-Green*, 2024-Ohio-1996, ¶ 9 (10th Dist.) ("Discharge under R.C. 2945.73(C)(1) must occur even if the permissible time for trial has not expired under R.C. 2945.71 and 2945.72. That is, the tolling of time as set forth in R.C. 2945.72 does not alter the timing of a discharge pursuant to R.C. 2945.73(C)(1)").[2]

**{¶19}** A fourth-degree misdemeanor carries a maximum sentence of thirty days under R.C. 2929.24(A)(4). Stephens has been continuously detained since March 14, 2025—a period that exceeded thirty days by April 13, 2025, and now spans seventy-seven days. The statutory mandate for discharge is therefore clear and unambiguous.

### B. Competency Evaluations Do Not Toll the Maximum Detention Period

**{¶20}** The trial court's ordering of competency evaluations does not suspend the operation of R.C. 2945.73(B)(2). While R.C. 2945.72(B) does toll speedy trial time during periods when "the accused is mentally incompetent to stand trial or during which the accused's mental competence to stand trial is being determined," this tolling provision does not extend to the maximum detention limit in R.C. 2945.73(B)(2).

**{¶21}** The latter operates as an absolute ceiling on pretrial detention for misdemeanor defendants regardless of the reason for delay. As we noted in our previous opinion in case 25BE0019, this provision "creates a bright-line rule that operates independently from speedy trial calculations" and "contains no exceptions or tolling provisions." The Tenth District reached the same conclusion in *Church-Green*, holding that neither a defendant's request for relief nor the tolling provisions of R.C. 2945.72 alter the discharge requirement under R.C. 2945.73(B)(2).

### C. Procedural Compliance

**{¶22}** Unlike the first petition, this petition fully complies with R.C. 2725.04(D) by attaching all relevant commitment papers as exhibits. These documents establish the

---

[2]. *Church-Green* analyzed the prior version of the statute, which was numbered as R.C. 2945.73(C)(1). Effective April 4, 2023, the statute was amended and renumbered as R.C. 2945.73(B)(2), but the operative language remains the same. *See* 2022 Ohio Laws File 160 (Am. Sub. S.B. 288).

authority under which Stephens is confined and demonstrate the continuous nature of his detention since March 14, 2025.

### D. Respondent's Concession

**{¶23}** Respondent's concession that Stephens should be discharged under R.C. 2945.73(B)(2)(a) is well-taken and legally sound. While counsel for Respondent notes practical concerns about Stephens' housing situation and the timing of competency evaluations, it properly acknowledges that "these facts do not constitute exceptions to R.C. 2945.73(B)(2)(a)."

### III. CONCLUSION

**{¶24}** The law is clear and unambiguous: R.C. 2945.73(B)(2)(a) mandates the discharge of any person charged with a misdemeanor who has been held in jail in lieu of bond for a period equal to the maximum term of imprisonment for that offense. Stephens, charged with a fourth-degree misdemeanor carrying a maximum thirty-day sentence, has been detained for seventy-seven days. Respondent concedes that discharge is required. No exceptions or tolling provisions apply to this absolute statutory protection.

**{¶25}** The procedural deficiency that required dismissal of the first petition has been cured by the attachment of all relevant commitment papers. This Court is therefore positioned to address the substantive legal issues presented, and the resolution is clear.

**{¶26}** We emphasize that this discharge applies solely to the pending charge in case number 25CRB00143E.

**{¶27}** Accordingly, as we stated in our Judgment Entry of May 30, 2025, Stephens' petition for a writ of habeas corpus is hereby GRANTED. Respondent James G. Zusack, Sheriff of Belmont County, was ORDERED to immediately discharge Lee C. Stephens from custody in case number 25CRB00143E.

**{¶28}** Pursuant to Civ.R. 58, the Clerk of the Belmont County Court of Appeals shall immediately serve notice of this judgment and its date of entry upon the journal to all parties. Pursuant to R.C. 2725.07, the clerk shall immediately issue this writ to Respondent with all due haste. Costs waived.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**